UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN E. CHEN,

                Petitioner,                              MEMORANDUM AND ORDER
                                                          12-CV-4405 (RRM)

      - against -

WARDEN, M.D.C. Brooklyn,

                Respondent.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      By Memorandum and Order dated July 1, 2013, familiarity with which is assumed, this Court dismissed all of *pro se* petitioner John E. Chen's petitions seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. (*See* Doc. No. 15.) Petitioner submitted two letters, dated July 11, 2013 and July 15, 2013, to this Court requesting reconsideration the dismissal of his claim for reinstatement of good time credit. (*See* Doc. Nos. 17–18.)

      Unlike other habeas provisions, there are no specific rules that govern proceedings pursuant to 28 U.S.C. § 2241. The Federal Rules of Civil Procedure apply to habeas corpus proceedings "to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and(B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). Moreover, none of the habeas provisions, including those pursuant to 28 U.S.C. § 2241, or their special rules has a rule governing procedure for reconsideration of dismissals. Nonetheless, district courts in this district have borrowed the Federal Rules of Civil Procedure for reconsideration of denials of habeas petitions pursuant to 28 U.S.C. § 2241. *See Micolo v. New York*, 12-cv-5509, 2013 WL 3288168, at *1–2 (E.D.N.Y. June 26, 2013) (denying "reconsideration of the denial of [petitioner's] Section 2241 Petition pursuant to Fed. R. Civ. P. 60(b)"); *Garcia v. Dep't of Homeland Sec.*, 10-CV-246, 2010 WL 1630412, at *2 (W.D.N.Y.

1

Apr. 21, 2010) *aff'd*, 422 F. App'x 7 (2d Cir. 2011) (finding petitioner's "motion to reconsider th[e] Court's previous orders denying habeas relief [pursuant to 28 U.S.C. § 2241] . . . does not meet the requirements of Fed. R. Civ. P. 60(b)"); *see also Jackson v. Killian*, 08-cv-4386, 2010 WL 2103646, at *1 (S.D.N.Y. May 25, 2010) (denying motion to reconsider denial of § 2241 habeas petition pursuant to Local Civil Rule 6.3). As such, this Court will apply Federal Rule of Civil Procedure 60 to petitioner's request for reconsideration.

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure §4478 at 790). The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Union*, 175 F.3d 121, 132 (2d Cir. 1999).

In his request for reconsideration, petitioner asks this Court to excuse his failure to timely file his appeal for reinstatement of good time credit. Petitioner does not dispute that the hearing officer's report was delivered to petitioner on December 7, 2011, and that he was advised that he had twenty days to appeal. Neither does petitioner dispute that his first appeal, although made with an incorrect form, was not submitted until January 4, 2012, eight days after the appeal deadline. Instead, petitioner argues that "[i]f the [MDC] Staff Member never gave the Petitioner

the wrong form at the beginning, the Petitioner's appeal were have never been late," and that "the Regional Office should understand that the Petitioner need to wait for his Unit Team to make round in turn to get the forms, and that take time" because petitioner was housed in the Special Housing Unit at the MDC during the relevant time. ((Pet. Ltr dated July 18, 2013 (Doc. No. 18) at 4).) Nothing in petitioner's letters point to any evidence or case law that the Court overlooked in dismissing his habeas petition and the Court has already considered these issues in its Memorandum and Order.[1] (*See* Mem. and Order at 3–4.) Accordingly, petitioner's request for reconsideration is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is direct to send petitioner a copy of this Memorandum and Order.

SO ORDERED.

Dated: Brooklyn, New York
March 17, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] Petitioner's letters merely address reasons why he submitted the incorrect form in the first instance, not why he submitted that form eight days after the appeal deadline had past. It is evident, from petitioner's statements in his two letters requesting reconsideration and the records from the Bureau of Prisons computerized database attached to the habeas petition, that neither being provided the incorrect form nor being housed in the Special Housing Unit prevented plaintiff from timely filing his first administrative appeal. Petitioner references a note from his MDC case manager stating that petitioner "was inadvertently given a BP-9 for his appeal by his previous Unit Team when he should have received a BP-10 for his DHO sanction/appeal. This in turn delayed his appeal process. He initially filed the BP-9, which was rejected, because it was the wrong form." (Note dated June 5, 2012 (Doc. No. 1).) Once again, this note explains why petitioner submitted the wrong form but not why it was submitted eight days after the deadline had past. Moreover, petitioner asserts that had he been provided with the correct form that his appeal would have been timely, indicating that being housed in the Special Housing Unit did not prevent him from timely submitting his first administrative appeal.